United States Courts
Southern District of Texas
FILED

SEP 28 2006

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., § | | |
| Plaintiff and Counterdefendant, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 06-396 | |
| § | | |
| DAVID C. & SYLVIA JOHNSON, § | | |
| Defendant and Counterclaimants. § | | |

## COUNTERCLAIM FOR DECLARATORY JUDGMENT
## AND CLASS ACTION

1.   Counterclaimants David C. & Sylvia Johnson are individual natural persons residents and citizens of the State of Texas.

2.   Counter-Defendant Bank of America, N.A., is a foreign corporation with its principal place of business in Charlotte, North Carolina.

3.   The United States District Court for the Southern District of Texas had initial jurisdiction over Plaintiff's complaint in this lawsuit, because of complete diversity of citizenship, pursuant to 28 U.S.C. §1332(a)(1) because the plaintiff and the defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4.   Defendants also invoke Federal civil rights jurisdiction in their counterclaim pursuant to 28 U.S.C. §1343, 1443(1) and 42 U.S.C. §§1983, 1985, 1988.

5.   As a preliminary matter, Defendants and Counterclaimants DAVID C. & SYLVIA J. JOHNSON, ask this Court to declare and adjudge that the civil rights secured by these statutes apply equally to white as well as non-white people within the United States, and that any contrary interpretation of 28 U.S.C.§1443(1) and 42 U.S.C. §1985 as applying only to people of African-American (Black) and/or other

*David C. & Sylvia J. Johnson's Counterclaim for Declaratory Judgment re:*                        1
*Unconstitutionality of Texas Forcible Detainer Procedures & Illegality of Predatory*
*Lending Practices by "Mortgagees" Who Lack Legal or Equitable Interest in Notes*

non-Caucasian ethnic groups is a violation of the guarantee of equal protection under the 14th Amendment, and that any judicial holdings limiting challenges to civil rights by reason of race or ethnicity are themselves unconstitutional.

6.   This cause was removed from Texas J.P. Court for Jim Wells County, Texas, asserting both civil rights and diversity grounds for removal, on September 14, 2006, after BANK OF AMERICA, N.A. filed a Forcible Detainer action in State Court on or about September 5, 2006, served on or about September 13, 2006.

### FIRST DECLARATORY JUDGMENT: UNCONSTITUTIONALITY OF TEXAS FORCIBLE DETAINER ACTIONS (DENIAL OF DUE PROCESS)

7.   Defendants reallege all the material allegations of ¶¶1-6 and incorporate the same by reference as if fully copied and restated herein.

8.   CLASS ACTION ALLEGATIONS: Defendants David C. and Sylvia Johnson allege that they are members of a large class of individuals in the State of Texas who have been subjected to or threatened with unconstitutional takings of property and eviction procedures instituted pursuant to the Forcible Entry & Detainer Rules 738-751 of the Texas Rules of Civil Procedure, especially TRCP Rule 746 entitled "Only Issue" which allows a malicious Plaintiff, such as the Bank of America, to conduct a secret sale of property without notice or any formal foreclosure and then to seize property such as that of the Defendants, without ever litigating or adjudicating the merits of title.

9.   Defendants further allege that the customs, practices, and policies of this state permit seizure of property under color of law by court order without due process, and that thousands of people each year are wrongfully evicted and dispossessed of their property in this manner.

10.  **INDIVIDUAL ALLEGATIONS:** Defendants David & Sylvia Johnson allege and will show that Plaintiff BANK OF AMERICA cited the relevant and specifically challenged provisions of the Texas Rules of Civil Procedure in ¶¶V-VI of Plaintiff's Petition for Forcible Eviction & Detainer, stating in VI:

> Texas Rules of Civil Procedures [*sic*] states that the only issue before the Court in this action is the "right to actual possession." The defendant cannot raise issues regarding the adequacy of the foreclosure, notices received or not received, or any attempted workouts or settlements.

11.  Defendants, thus expressly and individually deprived of their right to answer, contest, or litigate any aspect of BANK OF AMERICA'S actions in State Court, by State action in enforcing private interests under colour of State law, removed BANK OF AMERICA's forcible eviction and detainer to Federal Court in order to file this counterclaim against the Bank of America, N.A., to allege and prove that Bank of America, N.A., acting by and through its agents, has taken advantage of customs, practices, and policies implemented under color of state laws which deprive honest borrowers of their property without due process of law.

12.  BANK OF AMERICA, N.A., conducted a foreclosure sale against Defendants DAVID C. JOHNSON (and/or all other occupants) without ANY notice or opportunity to respond, in violation of due process of law, a right secured to the people by the Fifth Amendment to the Constitution, incorporated to the States through the Fourteenth; Defendants' filed their notice of removal to this court within 30 days of their first actual notice of that sale.

13.  On or about Tuesday, August 15, 2006, Defendants DAVID & SYLVIA JOHNSON were approached by a person, a stranger who identified herself as

Cherry Coleman, who stated that she had come to order the Defendants to leave their property and that she was there to help them clean out.

14. As of that date, Defendants had no idea their property had been foreclosed or sold, but Cherry Coleman had no court order or other indicia of official action or authority in her possession.

15. Subsequently, starting on Wednesday, August 16, 2006, the Defendants by their own independent investigation verified that a trustee's foreclosure sale had taken place, and that Bank of America, N.A., appeared to have sold their property to itself in what can only be described as a matter of self-dealing transactions.

16. Because David & Sylvia Johnson did not vacate pursuant to Cherry Coleman's orders, Bank of America filed the present action as an eviction action, predicated on a foreclosure sale of which the Defendants had neither actual nor constructive notice.

17. To the degree that this foreclosure was sanctioned by the State of Texas, it constituted a taking of property without due process of law, and the Defendants intend hereby to challenge the constitutionality of all Texas laws, customs, practices, or policies sanctioned under colour of law which support the actions of the Plaintiff BANK OF AMERICA, N.A, and other predatory mortgage lenders similarly situated who implement similar policies, in conducting any secret foreclosure proceedings (whether judicial or non-judicial) including but not limited to the judicial or non-judicial seizure of possession of property.

18. Defendants (and all other members of the class of mortgagors and property holders subject to eviction to which class David & Sylvia Johnson belong and

represent in this present action) have been denied and cannot enforce their right to due process of law pursuant to the 5th and 14th Amendments to the United States Constitution because (a) the statutes and state court rules authorizing forcible eviction and detainer cases in Texas do not actually allow defendants an opportunity fully and adequately to defend themselves when sued by a Plaintiff without standing (the rules applicable to J.P. eviction courts forbid the litigation of any issues, including the constitutionally pre-requisite issue of standing to sue for eviction) and (b) the customs, practices, and policies of the Justice Courts throughout the State of Texas, including but not limited to JIM WELLS COUNTY, reinforce these rules.

<u>SECOND DECLARATORY JUDGMENT:
BANK OF AMERICA NOT HOLDER IN DUE COURSE</u>

19.     Defendants reallege all the material allegations of ¶¶1-18 and incorporate the same by reference as if fully copied and restated herein.

20.     Defendants and Counterclaimants David and Sylvia Johnson allege that BANK OF AMERICA has filed suit and is proceeding without legal capacity, without constitutional standing, and in fact under false pretenses when it claims the right to foreclose on their note, subject of the litigation in this action.

21.     David C. and Sylvia J. Johnson executed a mortgage note on or about June 27, 2003 in favor of the BANK OF AMERICA, N.A.,

22.     After that date, however, Defendants and Counterclaimants David & Sylvia Johnson allege that BANK OF AMERICA, N.A., securitized and sold their note prior to the date when BANK OF AMERICA, N.A., apparently started to refuse to make automatic mortgage payments (sometime during the Spring of 2006), then

*David C. & Sylvia J. Johnson's Counterclaim for Declaratory Judgment re:*     5
*Unconstitutionality of Texas Forcible Detainer Procedures & Illegality of Predatory
Lending Practices by "Mortgagees" Who Lack Legal or Equitable Interest in Notes*

accelerated the Johnson's note, all prior to conducting Plaintiff's very bizarre self-dealing "sale-to-self" foreclosure sale on (a national banking holiday: July 4, 2006).

23. As a direct factual legal result of its prior securitization and sale of the Johnson's note, BANK OF AMERICA, N.A., gave up legal and equitable interests in the note, and so lost its status as "holder" of the Johnsons' note under Texas law.

24. Thereafter, BANK OF AMERICA had no standing after securitization to collect any amounts due on the note, to sue the JOHNSON'S at all, and the J.P. Court accordingly had no jurisdiction to hear BANK OF AMERICA's Forcible Detainer Petition because BANK OF AMERICA lacked constitutional standing.

25. [As described and alleged above, the Defendants were and are still expressly forbidden, under the Texas Rules of Civil Procedure, according to the terms of the Forcible Detainer Petition filed by Bank of America in Jim Wells County, and according to the customs, practices, and policies of the Texas J.P. Courts in enforcing and implementing these rules, all in violation of the terms of the 5th and 14th Amendments to the United States Constitution.

26. Texas law is clear that "standing is jurisdictional" but since the State Courts of Texas do not enforce Texas Law, the Defendants turn to this Federal Court as their last best hope of just relief.]

27. BANK OF AMERICA, by selling and securitizing the Johnsons' note, had already recovered (i.e. been paid fair market value) any investment it had made in the Johnsons' note, and thus had no "injury standing" or "personal stake" (as a "corporate person" within the meaning of the 14th Amendment).

28. Accordingly, the JOHNSONS' now sue BANK OF AMERICA in this court for a declaration that all proceedings (including the non-judicial foreclosure as well as the attempted eviction by Forcible Detainer) are null and void due to a lack of jurisdiction, in that BANK OF AMERICA was not entitled to ENFORCE, much less to file suit on a contract in which it had already sold all its rights.

29. Defendants and Counterclaimants DAVID C. & SYLVIA J. JOHNSON here sue pursuant to 28 U.S.C. §§2201-2202 and accordingly ask the Court to declare that BANK OF AMERICA, N.A., is a party without legal capacity or standing to invoke the jurisdiction of the Court, but attempted to proceed under false premises.

30. Defendants and Counterclaimants DAVID C. & SYLVIA J. JOHNSON ask this court to examine and hear all the facts relating to BANK OF AMERICA's status or lack of status as holder in due course of Defendants' June 2003 note, and upon final trial-by-jury, demand for which is hereby made, that upon the jury's findings, this U.S. District Court declare the rights, obligations, and other legal relations of the Plaintiff BANK OF AMERICA and Defendants David C. & Sylvia J. Johnson, as any and all other interested parties (including the members of the proposed class, see below), and that the court declare and determine whether or not Defendants can seek any further relief by way of damages for wrongful foreclosure.

31. Defendants and Counterclaimants David & Sylvia Johnson ask this court to grant all such other and further relief as may be necessary and proper to enforce or implement its judgment, based on the declaratory judgment or decree resulting from the trial of this case, against BANK OF AMERICA, N.A., and in favor of the JOHNSONS after these parties' rights have been determined by such judgment.

32. The Defendants filing of this counterclaim to void all proceedings (including but not limited to the self-dealing "sale to self" conducted by Bank of America on July 4, 2006) is necessary and proper and the Johnsons should accordingly be awarded all their costs and attorneys' fees in this litigation incurred.

### SPECIFIC APPLICATION OF TEXAS LAW TO MORTGAGE NOTES

33. Tex. B&C 3.303 states: "an instrument is issued or transferred for value if: (1) the instrument is used or transferred for a promise of performance, to the extent the promise has been performed."

34. BANK OF AMERICA was only the holder in due course of the Johnsons' June 2003 note if, at the time of attempting accelerated the Johnsons' note, sometime during the Spring of 2006, BANK OF AMERICA still possessed both legal and equitable (beneficial) interests in the JOHNSONS' note.

35. BANK OF AMERICA would have lost both legal and equitable rights by a transfer supported by promises to any other party through sale and securitization of the JOHNSONS' note as part of a mortgage bundle or package if these promises had actually been performed.

36. In fact, BANK OF AMERICA DID securitize and sell the Johnsons' note (and thousands of other notes issued or granted by other members of the proposed class, see below).

37. BANK OF AMERICA has nowhere in its pleadings in the forcible eviction and detainer claimed to be holder in due course of the Johnsons' note but the "Substitute Trustee's Deed" (Exhibit "B" to the Forcible Detainer Petition) does recite that the Johnson's "note together with the liens securing same was

transferred and assigned in due course for value before maturity to BANK OF AMERICA, N.A."

38. Thus BANK OF AMERICA, by relying on this substitute trustee's deed, has admitted that its standing to sue is dependent upon its ability to prove both legal and equitable ownership of the Johnsons' note, and if BANK OF AMERICA is required to prove its case, element by element, as a matter of due process, BANK OF AMERICA, will fail in its proof, and Defendants would be entitled to judgment as a matter of law in their favor.

39. Texas state law, custom, practice, and policy forbids the Johnsons and all other Defendants similarly situated from requiring the Plaintiff BANK OF AMERICA and all other Plaintiffs similarly situated from the due process requirement that the Plaintiff bears the burden of proof on ALL ELEMENTS of the Plaintiffs' cause of action, including the basic pre-requisite element of constitutional standing and legal capacity to sue, and Defendants requests that all such laws, customs, practices, and policies which interfere with the rights of mortgagors and property holders to test the validity of alleged mortgagees' claims be declared unconstitutional under the Fifth and Fourteenth Amendments to the United States Constitution (and by way of supplemental jurisdiction, Defendants further ask that this Court declare and adjudge that these same customs, practices, and policies be declared unconstitutional under the Texas Constitution provisions guaranteeing "due course of law" as well).

40. David C. & Sylvia J. Johnson pray that Plaintiff BANK OF AMERICA, N.A., be required to disclose all documents relating to its transactions and

relationship with purchasers of securitized bundles of mortgage notes and liens, that BANK OF AMERICA, N.A, be specifically required to disclose the current location and ownership of the Johnsons' note issued in June 2003, and that the Court further and finally declare and adjudge (pursuant to 28 U.S.C. §§2201-2202) whether BANK OF AMERICA currently has equitable interest or lawful title to the note executed by the Johnsons' in 2003, and what effect, if any the purported "sale" of the Johnsons' note, by BANK OF AMERICA to itself, had or might have had on the JOHNSONS' ownership or property interests in and reflected by the note.

41. Tex. B&C 3.305 states: "....the right to enforce the obligation of a party to pay an instrument is subject to the following:...(B)...lack of legal capacity....that, under other law nullifies the obligation of the obligor.

42. BANK OF AMERICA's lack of legal capacity to sue derives from the same source as BANK OF AMERICA's lack of legitimate ability to collect any amounts from the JOHNSONS: BANK OF AMERICA is not and was not the holder in due course of the JOHNSONS' note.

43. Standing to sue is a matter of legal capacity and is jurisdictional in Texas (as it is throughout the American legal system).

44. The holder in due course is the person or entity having both legal and equitable rights in a note; BANK OF AMERICA has neither, but has admitted by its pleadings (including exhibits and attachments) that it must be in order to collect, or to prevail in any manner in this action.

45. The Court should declare and adjudge that BANK OF AMERICA has no legal capacity either to sue or collect on JOHNSONS' note pursuant to Texas

Business & Commerce Code 3.303 and 3.305, and that BANK OF AMERICA falsely represented itself as having such capacity by and through its agents who executed and accepted the Substitute Trustees' Deed executed on Tuesday, July 4, 2006.

46. Defendants allege that BANK OF AMERICA's duplicity in this case is shown by the curiosity that the Substitute Trustees' Sale was supposedly executed on July 4, 2006, a national banking holiday, when all courts, state and federal, were closed, despite the recitation on the second page of "Substitute Trustee's Sale" that:

> said sale was conducted not earlier than 1:00:00 PM O'clock as set forth in the notice of sale and was concluded within three (3) hours of such starting time on the date for which said sale was advertised, offering the said land and premises for sale and conducting said sale in the area of the Courthouse designated by the Commissioners Court, pursuant to Section 51.002 of the Texas Property Code).

Exhibit "B" to Petition for Forcible Detainer, Second of "Substitute Trustee's Sale" page bearing "Bates" number: 375868 OR 955 21.

47. Finally, Tex. B&C 3.306 defines rights or claims against persons other than a holder in due course of the instrument, whereby such a person "...taking an instrument...is subject to a claim of a property or possessory right in the instrument...and to recover the instrument or its proceeds."

48. BANK OF AMERICA's status in this case is currently AT BEST that of a person or entity "other than a person having rights of a holder in due course".

49. Accordingly, the Court should declare and adjudge that BANK OF AMERICA, N.A. is subject to the JOHNSONS' claims of property and possessory rights in the instrument which they signed, and which still exists, somewhere, although securitized, as a bearer instrument which could be presented to them without notice by some person or entity other than Plaintiff BANK OF AMERICA.

*David C. & Sylvia J. Johnson's Counterclaim for Declaratory Judgment re:*  11
*Unconstitutionality of Texas Forcible Detainer Procedures & Illegality of Predatory Lending Practices by "Mortgagees" Who Lack Legal or Equitable Interest in Notes*

50. In conclusion, this Court should find, declare, and adjudge pursuant to 28 U.S.C. §§2201-2202, that if BANK OF AMERICA has transferred the JOHNSONS' note for promises performed under Texas B& C 3.303, BANK OF AMERICA had and has no legal capacity under 3.305, and is merely some "other person" subject to the JOHNSONS' claims under 3.306.

## CLASS ACTION ALLEGATIONS

51. Defendants and Counterclaimants DAVID C. & SYLVIA J. JOHNSON reallege the material allegations of ¶¶1-50 and incorporate the same as if fully copied and restated herein below.

52. Defendants that they are members of a class of persons similarly situated, who have been injured by BANK OF AMERICA, N.A., and other predatory mortgage companies in similar ways; an epidemic of foreclosures is underway in this country instigated by companies which have no standing.

53. Class action lawsuits have already been initiated in U.S. District Court for the Middle District of Florida (Jacksonville) and elsewhere against predatory mortgage lenders such as BANK OF AMERICA, N.A., who lack full legal title to and equitable interest in the notes which they seek to enforce or debts which they seek to collect.

54. Joinder of all class members is impracticable because of the large number of class members, even if the class is limited to persons (mortgagors subject to wrongful foreclosure and eviction) residing within the State of Texas and whose mortgage notes comply only with Texas law.

55. There are questions of law or fact common to the class, including the application of Texas Business & Commerce Code §§3.303, 3.305, and 3.306 to the status of BANK OF AMERICA, N.A., and other "lending"/"loan originators" as persons or entities who actually lack the status of holders in due course.

56. BANK OF AMERICA, N.A., and other similar "lending"/"loan originating" entities have neither clear title nor equitable interest in the mortgage notes due to securitization of those notes and transfers without proportionate, meaningful, or valuable consideration, but BANK OF AMERICA, N.A., and similar "lending entities seek to enforce and collect debts and foreclose mortgages under false pretenses of being holders in due course.

57. The claims of Defendants and Counterclaimants DAVID C. & SYLVIA J. JOHNSON, in short, are typical of the class to which they belong and which they here seek to represent and the JOHNSONS are suitable representatives of the class, and the JOHNSONS can fairly and adequately protect the interests of the injured Class whose interests they seek to represent.

58. DAVID C. & SYLVIA J. JOHNSON have the same interests and have suffered the same injury as the other class members with regard to questions of being subject to misrepresentations and false claims of legal capacity to collect on debts or notes not held in due course as required by law.

59. DAVID C. & SYLVIA J. JOHNSON are currently filing pro se but upon or before class certification will secure competent counsel.

60. Class certification is proper because most of the victims of predatory mortgage lending practices such as BANK OF AMERICA, N.A., are

unsophisticated purchasers of residential real estate who have no idea why their lenders will not work closely with them or show any interest in the resolution of debt problems.

61.   The reason for the transformation of the mortgage market is the disconnection between nominal enforcers or "servicers" and the actual investment or creation of money by the mortgage firms, i.e., the fact that securitization permits "lenders" to recoup their investments immediately and without any need actually to collect from "borrowers".

62.   If these questions are not consolidated as a class action, there is the real risk of inconsistent or varying adjudications, conflicting outcomes, and judicial decisions regarding these questions which would establish incompatible standards of conduct for both BANK OF AMERICA, N.A., and its nominal "borrowers" or "debtors."

63.   The remedy of declaratory judgment regarding the status of securitized notes in relation to the doctrine of holder-in-due course is generally applicable to all borrowers, lenders, and to BANK OF AMERICA, N.A., in particular, which every week registers more and more securities based on "mortgage note pools."

64.   A class action concerning these issues will not be difficult to manage in that the common questions of law and fact can mostly be established through examination of BANK OF AMERICA's own records and paperwork, so that the same discovery will benefit all class members equally, without duplication or variation, and common issues will predominate over individual class members affected by individual members.

65.     Either BANK OF AMERICA, N.A., was entitled (i.e., "had legal capacity") to sell the Johnsons' property to itself on a national banking holiday, and then to bring its original Forcible Detainer against the JOHNSONS or it was not and did not; the common questions of law and fact revolve around a common nucleus of fact concerning both business and legal customs, practices, and policies in the Texas mortgage business.

66.     A class action will serve to avoid the entry of void judgments in the future, and to clarify the way to voiding past judgments where Plaintiff BANK OF AMERICA and/or other predatory mortgage "lenders/loan originators" have obtained judgments in the past, and a class action thus serves the purposes of judicial economy.

67.     A void judgment is entitled to no res judicata or deference of any kind; and this is especially true where the void nature of the judgment was due to serious constitutional violations.

68.     Defendants and Counterclaimants DAVID C. & SYLVIA J. JOHNSON (and every other member of the alleged class of victims of BANK OF AMERICA's predatory mortgage practices) is entitled to know whether and how BANK OF AMERICA, N.A., became the servicer of notes which they had securitized and sold, whether BANK OF AMERICA even paid a penny for the privilege of collecting many pennies from the JOHNSONS and other parties, members of the class similarly situated, i.e., whether BANK OF AMERICA, N.A., after "originating" the JOHNSONS' loan, was ever a holder in due course or an owner of any equitable interest in the JOHNSONS' original debt.

69.     This Court should afford the JOHNSONS (and every other member of the alleged class victims of BANK OF AMERICA's predatory lending practices) the opportunity to obtain this information, as well as to require BANK OF AMERICA, N.A., to prove that it has standing NOW and TODAY to enforce a note in which it may have no legal or equitable interest.

70.     The Court should award attorneys' fees and costs of litigation to class counsel, pursuant to 28 U.S.C. §2201 et seq., for which Defendants accordingly now pray.

## JURY DEMAND

Defendants and Counterclaimants demands a trial by jury of all issues so triable in this cause of action for declaratory judgment and such other and further relief as may be necessary and proper pursuant to 28 U.S.C. §§2201-2202. In particular, all questions of fact, and all mixed questions of fact and law should be tried to the jury in this case.

## PRAYER FOR RELIEF

Defendants and Counterclaimants pray that upon final trial, this Court declare and adjudge the rights and relationships of the parties as follows:

(1)   That BANK OF AMERICA, N.A., sold the JOHNSONS' note to parties unknown prior to accelerating the JOHNSONS' note sometime during the Spring of 2006 and that BANK OF AMERICA, N.A., was not a holder in due course of the JOHNSONS' note at any time after origination of the loan during 2003, 2004, 2005, or 2006.

(2)   That BANK OF AMERICA, N.A., has sold and securitized many thousands of notes in Texas issued by other mortgagors who constitute a class of parties similarly situated during the same time frame, and that by securitizing these notes, took status as "other than a holder in due course" under the Texas Business & Commerce Code.

(3)   That a certification of a class action is proper in this case, and that the declarations sought by Defendants DAVID C. & SYLVIA J. JOHNSON appropriately apply to and adequately represent the interests of all class members.

(4)   That BANK OF AMERICA, N.A., did not sustain, and indeed could not have sustained any practical financial injury from any alleged default on the part of the JOHNSONS' alleged, owing to the fact that BANK OF AMERICA, N.A., sold and securitized the JOHNSONS' note prior to any alleged date of any alleged default by the JOHNSONS.

(5)    This Court should declare that Defendants and Counterclaimants DAVID C. & SYLVIA J. JOHNSON have all such other and further rights to relief resulting from a declaratory judgment in their favor in this case, and that Plaintiff BANK OF AMERICA, N.A., should be required to compensate and indemnify the JOHNSONS for wrongful foreclosure, pursuant to such other and further proceedings for proof of injury as this court may allow or order to take place.

Respectfully submitted,

*/s/ David C. Johnson*
DAVID C. JOHNSON, *pro se*
P.O. Box 2005
Orange Grove, Texas 78372

Telephone:   (361) 537-3687

And by: */s/ Sylvia J Johnson*
SYLVIA J. JOHNSON, *pro se*
P.O. Box 2005
Orange Grove, Texas 78372

Telephone:   (361) 537-3285

*David C. & Sylvia J. Johnson's Counterclaim for Declaratory Judgment re:*        18
*Unconstitutionality of Texas Forcible Detainer Procedures & Illegality of Predatory*
*Lending Practices by "Mortgagees" Who Lack Legal or Equitable Interest in Notes*

## VERIFICATION

DAVID C. JOHNSON and SYLVIA J. JOHNSON, individuals known or lawfully identified to me, appeared before me in person on this Thursday, September 14, 2006, to sign and verify the above-and-foregoing COUNTERCLAIM FOR DECLARATORY JUDGMENT to be filed in the U.S. District Court for the Southern District of Texas, Corpus Christi Division.

_Aminta Aguilar_
NOTARY PUBLIC
NUECES COUNTY


Printed Name of Notary: _Aminta Aguilar_

My Commission Expires: _3-6-2010_

AMINTA AGUILAR
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-06-2010

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the above-and-foregoing Defendants' COUNTERCLAIM FOR DECLARATORY JUDGMENT re: UNCONSTITUTIONALITY OF TEXAS FORCIBLE DETAINER PROCEDURES & ILLEGALITY OF PREDATOR LENDING PRACTICES BY "MORTGAGEES" WHO LACK LEGAL OR EQUITABLE INTEREST IN NOTES was served on the attorneys of record for Plaintiff BANK OF AMERICA, N.A.,

MARY M. SPEIDEL
STEPHEN P. MELINDER, JR.
RACHEL U. DONNELLY
DODILIS & STAWIARSKI, P.C.
650 NORTH SAM HOUSTON PARKWAY EAST, SUITE 450
HOUSTON, TEXAS 77060

By first class mail, certified, with return receipt requested to the above-and-foregoing address on this Thursday the 28th day of September, 2006.

BY: *David Johnson*
DAVID. C. JOHNSON, *pro se*

And by: *Sylvia J. Johnson*
SYLVIA J. JOHNSON, *pro se*