**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| BANK OF AMERICA, NA, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. C-06-396 |
| | § | |
| DAVID JOHNSON, | § | |
| | § | |
|     Defendant. | § | |

**ORDER OF REMAND**

On this day the Court conducted a telephone conference in the above-styled action.  For the reasons discussed below, the above-styled action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the Justice Court of Jim Wells County, Texas, Precinct Number 5-1, where it was originally filed and assigned Cause Number FD-06-0223.

## I.    BACKGROUND

On August 31, 2006, Plaintiff Bank of America ("Plaintiff") through its attorney Mary Speidel, filed a "Forcible Detainer Petition" in the Justice Court of Jim Wells County, Texas, Precinct Number 5-1, against Defendant David C. Johnson ("Defendant") and "All Other Occupants" of the property located at 235 County Road 353, Orange Grove, TX 78372 (the "Property").  (Forcible Detainer Pet., Def.'s Ex. ("DEX") A.)  In its petition, Plaintiff alleged that it acquired title to the Property in a Trustee's Sale in Jim Wells County and thus was entitled to possession of the Property. (DEX A at ¶¶ I-II.)  Plaintiff also claimed that it had made a

written demand on the Defendant to surrender possession of the Property, but the Defendant refused to comply with the demand and continued to hold over and occupy the Property.  (DEX A at ¶ III.) Plaintiff therefore requested the state court to order the removal of the Defendant and any other occupants, along with all their personal property, from the Property.  (DEX A at ¶¶ IV, VI.)

On September 14, 2006, the Defendant (acting *pro se*) filed a Notice of Removal of the forcible detainer action with this Court, alleging that the Court had jurisdiction over the case pursuant to 28 U.S.C. §§ 1332 and 1443.  (Notice fo Removal ("NOR") at ¶¶ 4-5.) On September 15, 2006, the Court entered an Order Striking Defendant's Notice of Removal for failure to provide a state court docket sheet, an index of matters being filed, or a list of all counsel of record.  (D.E. 3, ¶ 8.)  Although the Defendant did not re-file his Notice of Removal, on September 28, 2006, he filed a (1) "Counterclaim for Declaratory Judgment and Class Action," (2) a "Motion to Dismiss for Want of Jurisdiction Due to Plaintiff's Lack of Standing," and (3) a "Motion to Postpone or Continue Conference."  (See D.E. 4, 5, 6.)  On October 4, 2006, the Court held a telephone conference to discuss the propriety of Defendant's removal of this case.

## II.  DISCUSSION

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject

matter jurisdiction.   See 28 U.S.C. § 1441(a).   Federal courts, however, "are courts of limited jurisdiction."  Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).  A court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."   Howery, 243 F.3d at 916 (citations omitted); see also Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996) (stating that the "party invoking the removal jurisdiction of the federal courts bears a heavy burden");   Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986) ("The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists").   In evaluating jurisdiction, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction").

**A.   STRICKEN NOTICE OF REMOVAL**

At the outset the Court notes that, on September 15, 2006, it struck Defendant's Notice of Removal for being incomplete in several respects.   (D.E. 3.)   Defendant acknowledged that his

-3-

Notice of Removal was incomplete, but "promise[d] the Court . . . that he [would] file a complete copy of the papers and proceedings [in the state court] . . . as required by 28 U.S.C. § 1446(a) within 3 (three) business days of the filing of this Notice of Removal." (Notice of Removal at ¶ 9.)  In the almost three-weeks before the telephone conference, however, Defendant failed to re-file or correct the deficiencies in his Notice of Removal, and failed to supplement the documents as he explicitly promised. Therefore, Defendant never effectuated removal of this case from state court at all and thus must proceed in the state forum. However, even if the Defendant had re-filed and supplemented his Notice of Removal, the Court finds that Defendant is not entitled to remove this action to federal court.  The Court discusses each of Defendant's alleged-bases of federal jurisdiction below.

**B.    CIVIL RIGHTS REMOVAL STATUTE**

Defendant first argues that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1443.  Section 1443, or the "Civil Rights Removal Statute" as it is called, provides a defendant with a right to remove a state court action in two specific and limited circumstances:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1)  Against any person who is denied or cannot enforce in the courts of such State a right under any law

> > providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> > (2)   For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  "The defendant bears the burden of establishing [his] right to removal under § 1443."  <u>Charter School of Pine Grove, Inc. v. St. Helena Parish Sch. Bd.</u>, 417 F.3d 444, 448 (5th Cir. 2005); <u>see</u> <u>also</u> <u>Howery</u>, 243 F.3d at 916 (burden of proving "jurisdiction rests on the party seeking the federal forum").

In an attempt to meet his burden of establishing federal jurisdiction, Defendant argues that:

> Removal is proper pursuant to 28 U.S.C. § 1443(1) because Defendants have been denied or cannot enforce their right to due process of law pursuant to the 5th and 14th Amendments to the United States Constitution because (a) the statutes and state court rules authorizing forcible eviction and detainer cases in Texas do no actually allow defendants an opportunity fully and adequately to defend themselves when sued by a Plaintiff without standing (the rules applicable to J.P. eviction courts forbid litigation of any issues of standing to sue for eviction and (b) the customs, practices, and policies of the Harris County Courts reinforce these rules.

(NOR at ¶ 4.)  Therefore, Defendant reasons, removal is proper.

This Court, however, finds that Defendant has failed to establish federal jurisdiction under § 1443(1).[1]  This subsection

---

[1] The Court also notes that Defendant cannot rely on subsection § 1443(2), because both the Supreme Court and Fifth Circuit have held that this subsection "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."  <u>City of</u>

"has consistently been construed narrowly to require strict satisfaction of both the 'civil rights' element and the 'enforcement' element intrinsic within it."  Smith v. Winter, 717 F.2d 191, 194 (5th Cir. 1983).  Therefore, in order to establish a right to remove under § 1443(1), a defendant must meet a two-prong test: (1) "[f]irst, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality;" and (2) "[s]econd, it must appear . . . that the removal petitioner is denied or cannot enforce the specific federal rights in the courts of the State."  Id. (quoting Williams v. Mississippi, 608 F.2d 1021, 1022 (5th Cir. 1979) (internal quotation marks omitted); State of Tex. v. Reimer, 678 F.2d 1232, 1233 (5th Cir. 1982); Muhammad v. Muhammad, 78 Fed. Appx. 942, 943-44, 2003 WL 22423190 at *1 (5th Cir. 2003) (defendant must show "(1) that the right allegedly denied him arises under a federal law providing for a specific right to racial equality; and (2) that he is being denied or cannot enforce the specified federal right in the state courts due to some formal expression of the law") (citing State of Texas

_____

Greenwood v. Peacock, 384 U.S. 808, 824 (1966); Charter School of Pine Grove, 417 F.3d at 446 (noting also that the right of removal might apply to "state officials" under certain limited circumstances) (citing Alonzo v. City of Corpus Christi, 68 F.3d 944, 946 (5th Cir. 1995).  Defendant has failed to provide the Court with any evidence (1) that he is a state or federal officer or agent, or (2) that this case has anything to do with the performance of official duties under federal law providing for equal civil rights.  Therefore, removal under § 1443(2) is not proper.

-6-

v. Gulf Water Benefaction Co., 679 F.2d 85, 86 (5th Cir. 1982)).

The first prong of this test "demands that the civil rights asserted arise under laws phrased specifically in terms of racial equality *rather than in general terms of equality for all citizens comprehensively* . . . ."   Smith, 717 F.2d at 194 (emphasis supplied); see also Franklin v. Louisiana, 247 F.3d 241, 2001 WL 43547 (5th Cir. 2001) (unpublished) (the "right denied must arise under a federal law "providing for specific civil rights stated in terms of racial equality").  Therefore, "broad first amendment or fourteenth amendment claims do not satisfy the test, nor do claims arising under non-racially oriented statutes such as 42 U.S.C. § 1983."   Smith, 717 F.2d at 194; Johnson v. Mississippi, 421 U.S. 213, 219 (1975) ("[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice" to establish a right to remove); Cabello v. Texas, 71 Fed. Appx. 315, 316, 2003 WL 21770839 at *1 (5th Cir. 2003) (unpublished); Muhammad v. Muhammad, 78 Fed. Appx. 942, 943-44, 2003 WL 22423190 at *1 (5th Cir. 2003) (unpublished) ("Appellant's removal petition makes conclusory allegations that state court officials conspired to deprive him of certain non-race-related civil rights, including freedom of association and due process of law.  These are not adequate grounds for removal").  Where the defendant fails to allege (1) that he was

denied rights arising under a federal law providing for specific civil rights stated in terms of racial equality, or (2) that his rights were violated because of his race, the court should "summarily remand[]" the case.  <u>Franklin</u>, 247 F.3d at 241.

In this case, Defendant failed to allege, let alone prove, the first element of the § 1443(1) jurisdictional test because he failed to show that the civil rights he is asserting arise under laws "phrased specifically in terms of racial equality".  <u>Smith</u>, 717 F.2d at 194.  Defendant claims only that the forcible detainer action will deny his rights to "due process of law" under the 5th and 14th Amendments.  (NOR at ¶ 4.)  This is exactly the sort of allegation that the Supreme Court and Fifth Circuit have found insufficient to support removal.  <u>Id.</u> ("broad first amendment or fourteenth amendment claims do not satisfy the test"); <u>Johnson</u>, 421 U.S. at 219 ("[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability . . . will not suffice").  Therefore, Defendant's allegations, even if true, do not support federal jurisdiction under § 1443(1).

### C.   Diversity Jurisdiction

Alternatively, Defendant argues that this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).  (NOR at ¶ 5.)  28 U.S.C. § 1446, however, places certain limitations on the ability of defendants to remove based on diversity

-8-

jurisdiction.   In particular, 28 U.S.C. § 1446 provides that:

> (b) Any civil action of which the district courts have
> original jurisdiction founded on a claim or right arising
> under the Constitution, treaties or laws of the United
> States   shall   be   removable   without   regard   to   the
> citizenship or residence of the parties. *Any other such*
> *action shall be removable only if none of the parties in*
> *interest properly joined and served as defendants is a*
> *citizen of the State in which such action is brought.*

Id. at § 1446(b) (emphasis supplied).   Thus, where jurisdiction is
based on diversity of citizenship, an action is not removable if
any defendant is a citizen of the state in which the action is
brought.   See, e.g., Crockett v. R.J. Reynolds Tobacco Co., 436
F.3d 529, 531-32 (5th Cir. 2006); Coury v. Prot, 85 F.3d 244, 252
(5th Cir. 1996) (stating that a "defendant may not remove a state
action to federal court if a defendant is a citizen of the state in
which the action is filed"); Williams v. AC Spark Plugs Div. of
General Motors Corp. 985 F.2d 783, 786 (5th Cir. 1993) (stating
that "28 U.S.C. § 1441(b) . . . prohibits removal if any defendant
is a citizen of the state in which the action was brought").   In
this case, Defendant agreed during the telephone conference that he
is a citizen of Texas and that he lives, votes, and pays taxes in
Texas.    Therefore, under § 1446(b), Defendant is barred from
removing this case based on diversity jurisdiction.

## III.  CONCLUSION

For the reasons discussed above, the above-styled action is
hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the Justice
Court of Jim Wells County, Texas, where it was originally filed and

assigned Cause Number FD-06-0223.

SIGNED and ENTERED this 5th day of October, 2006.

_____
Janis Graham Jack
United States District Judge