```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                CORPUS CHRISTI DIVISION
```

BANK OF AMERICA, NA,           §
                               §
    Plaintiff,                 §
                               §
vs.                            §     C.A. NO. C-06-396
                               §
DAVID JOHNSON,                 §
                               §
    Defendant.                 §

## ORDER

On this day came on to be considered Defendant David Johnson's "Motion to Amend or Alter Judgment." (D.E. 10.) In this motion, Defendant asks the Court to reconsider its October 5, 2006, Order remanding the case to state court (D.E. 9). As a general rule, an "order remanding a case to the State court from which it was removed is not reviewable on appeal or *otherwise*." 28 U.S.C. § 1447(d) (emphasis supplied). Thus, a federal "court is completely divested of jurisdiction once it mails a certified copy of the remand order to the clerk of the state court." In re Shell Oil Co., 932 F.2d 1523, 1528 (5th Cir. 1991). This rule applies "whether or not that order might be deemed erroneous . . . in order to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues." Smith v. Texas Children's Hosp., 172 F.3d 923, 925 (5th Cir. 1999) (quoting Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 351 (1976)). Because a certified copy of the remand order was mailed to the

clerk of the state court on October 6, 2006, this Court is without jurisdiction to consider Defendant's arguments that the Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332.[1]

Defendant correctly notes, however, that a court *does* have jurisdiction to review a remand order where the asserted basis of federal jurisdiction is the Civil Rights Removal Statute, 28 U.S.C. § 1443. See Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1026 (5th Cir. 1991) ("remand orders under § 1447(c) are not reviewable on appeal, by mandamus, or otherwise, except in civil rights cases"); 28 U.S.C. § 1447(d) ("an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise").  Defendant contends that he properly removed under § 1443(1) and therefore remand was improper.  As this Court noted in its October 5, 2006 Order, however, removal under § 1443(1) is only proper where it appears that the Defendant is being denied rights "aris[ing] under laws

---

[1] In his Notice of Removal, Defendant never claimed that the Court had federal question jurisdiction under § 1331.  Rather, Defendant raises § 1331 for the first time in his motion to reconsider, arguing that his counterclaim against the Plaintiff raises a federal question.  It is well-settled, however, that "as a basis for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system.  It is insufficient that a federal question has been raised as a matter of defense *or as a counterclaim*." Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir. 1998)(emphasis supplied). Therefore, Defendant's counterclaim is insufficient to support federal jurisdiction.

phrased specifically in terms of racial equality *rather than in general terms of equality for all citizens comprehensively* . . . ." See, e.g., Smith v. Winter, 717 F.2d 191, 194 (5th Cir. 1983) (emphasis supplied). It is not enough that the Defendant claims he is being denied "broad first amendment or fourteenth amendment" rights such as the right to due process. See, e.g., Id.; Johnson v. Mississippi, 421 U.S. 213, 219 (1975) ("[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice" to establish a right to remove); see also Franklin v. Louisiana, 247 F.3d 241, 2001 WL 43547 (5th Cir. 2001) (unpublished); Cabello v. Texas, 71 Fed. Appx. 315, 316, 2003 WL 21770839 at *1 (5th Cir. 2003) (unpublished); Muhammad v. Muhammad, 78 Fed. Appx. 942, 943-44, 2003 WL 22423190 at *1 (5th Cir. 2003) (unpublished). In Defendant's Notice of Removal, he failed to show that he was being denied rights under laws "phrased specifically in terms of racial equality". Smith, 717 F.2d at 194. Therefore, the Court does not have jurisdiction under § 1443(1) and Defendant's "Motion to Amend" (D.E. 10) is accordingly DENIED.

    SIGNED and ENTERED this 16th day of October, 2006.

                                          *Janis Graham Jack*
                            _____
                                Janis Graham Jack
                              United States District Judge